

**VIA ECF**
Hon. Peggy Kuo, USMJ
United State District Court, Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

August 15, 2020

Your Honor,

      This firm represents Plaintiff Jose Acero ("Plaintiffs") in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

Hon. Peggy Kuo
Eastern District of New York
August 20, 2020
Page 2

I. **Statement of the Case**

This is an action for money damages brought by Plaintiff Jose Acero. The original complaint was filed April 12, 2020 in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed by Defendants as a restaurant employee. Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay his appropriate overtime, failure to pay spread of hours pay pursuant to the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, 146-1.6 (herein the Spread of Hours Wage Order), and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $10,000 to settle all their claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Plaintiff estimates of his damages if he was fully successful on all of his arguments at trial are $33,602.00 excluding attorney's fees and costs.
The total settlement amount of $10,000 will be distributed in accordance with the enclosed Settlement Agreement. Plaintiff believes that this settlement is an adequate result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement".)

While the proposed settlement amounts are less than what would be the full amount of Plaintiff's potential recovery if Plaintiff were to successfully prosecute their claims, the settlement amounts are nonetheless fair because of the risk to the Plaintiff that he may not prevail on some or all of his claims.

**Defendants:**

Defendants dispute the number of hours the Plaintiff alleges that he worked as set forth in the Complaint. Despite this, in an attempt to resolve this matter, Defendants adopted Plaintiff's

Hon. Peggy Kuo
Eastern District of New York
August 20, 2020
Page 3

70 hour per week assertion (minus a dedicated one-half hour daily lunch break), and in conjunction with contemporaneous records of Plaintiff's weekly wages, determined that, at most, Plaintiff was underpaid the sum of $8,389.50 in minimum wages and overtime pay. Of course, this amount would be appreciably lower if a jury agreed with Defendants' testimony regarding Plaintiff's actual hours worked.

Finally, Defendants have produced to Plaintiff the first page of the corporate Defendant's 2019 tax return, which shows that corporate Defendant only grossed the sum of $378,576 in 2019. Thus, Pamier Pizza is not an "enterprise engaged in commerce or in the production of goods in commerce", as that term is defined in 29 U.S.C. §203(s)(1)(a), as it did have annual gross sales of at least $500,000 during the requisite time period. If this case were not resolved at this juncture, Defendants were prepared to make a motion for summary judgment, seeking the dismissal of the Plaintiff's claims brought pursuant to the FLSA.

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $3,333.33 from the settlement funds as attorneys' fees. This represents (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement and costs totaling $540.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given plaintiff's counsel's experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina Stillman is the Managing Attorney of Stillman Legal, P.C (A two (2) member law firm consisting of Lina Stillman and Aygul Charles) and has been practicing law since 2012. She practices exclusively in the area of Labor and Employment with emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community's need for Spanish Speaking and Portuguese speaking attorneys to care for their interests exclusively. She is fluent in both Spanish and Portuguese. In addition, she

Hon. Peggy Kuo
Eastern District of New York
August 20, 2020
Page 4

has been teaching 4th Amendment Law at Borough of Manhattan Community College (BMCC) since 2015.

She is an active member of the New York Chapter of the National Employment Lawyers Association and is a member of the LGBT Bar Committee at the New York City Bar.

**Conclusion**

Plaintiff was represented by counsel throughout this lawsuit. Plaintiff's interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

          Respectfully submitted,

          /s/Lina Stillman
          STILLMAN LEGAL, PC
          Attorneys for the Plaintiff

          /s/David Feather
          Attorneys for the Defendants